DANIEL M. RABINOVITZ (Attorney Registration No. 6205299)
MICHAELS, WARD & RABINOVITZ, LLP
12 Post Office Square
Boston, MA 02109
Telephone:    (617)350-4040
Facsimile:    (617)350-4050
dmr@michaelsward.com

*Counsel for Wachovia Securities, LLC*

FILED: APRIL 18, 2008
08CV2239 EDA
JUDGE DARRAH
MAGISTRATE JUDGE NOLAN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DENNIS R. METTER,<br><br>       Plaintiff,<br><br>v.<br><br>WACHOVIA SECURITIES, LLC,<br><br>       Defendant. | Case No.<br><br>**PETITION FOR REMOVAL** |

Defendant Wachovia Securities, LLC ("Wachovia") hereby files this Petition for Removal of the civil action entitled <u>Dennis R. Metter v. Wachovia Securities, LLC</u>, In the Circuit Court of Cook County Illinois, County Department, Chancery Division, Civil Action No. 08CH1026T (the "Action"), to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446. Removal of this Action is proper under 28 U.S.C. §1441 because this Court has original jurisdiction of the Action pursuant to 28 U.S.C. § 1332.

On March 19, 2008, Plaintiff filed a Motion to Vacate Arbitration Award ("Plaintiff's Motion") against Wachovia. (Attached hereto as "Exhibit A"). As of the drafting of this Motion, Defendant has not been served. Plaintiff's Motion indicates that there is, and was at all relevant

times, complete diversity of citizenship between the parties. Plaintiff is and was a citizen of Illinois. See, Exhibit A at ¶4. Defendant is a citizen of Delaware. See, Exhibit A at ¶5; See Also, Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267, 2006 U.S. App. LEXIS 13929 (7th Cir. 2006) (holding that, for diversity purposes, Wachovia Securities, LLC is not a citizen of Illinois). (Attached hereto as "Exhibit B").

Defendant is informed and believes that the amount in controversy in this Action exceeds the sum of $75,000.00, exclusive of interest and costs. See, *Affidavit of Daniel M. Rabinovitz*, incorporated herein. (Attached hereto as "Exhibit C").

Defendant shall file a Notice of Removal and a certified copy of this Petition for Removal and attachments with the Clerk of the Circuit Court of Cook County Illinois, County Department, Chancery Division and will serve a copy upon counsel of record for Plaintiff.

Respectfully submitted,

WACHOVIA SECURITIES, LLC,

By its attorneys,

　　　s/s Daniel M. Rabinovitz
Daniel M. Rabinovitz
Attorney Registration No. 6205229
Michaels, Ward & Rabinovitz, LLP
12 Post Office Square
Boston, MA 02109
(617)350-4040 (p)
(617)350-4050 (f)
dmr@michaelsward.com

                        Local Counsel (Pursuant to LR 83.15):

                        _____s/s Peter Sonderby_____
                        Peter Sonderby
                        ARDC No. 2674653
                        Ulmer & Berne LLP
                        One North Franklin Street, Suite 1825
                        Chicago, IL  60606-3401
                        (312)324-8007 (p)
Dated:     April 28, 2008     (216)931-8008 (f)
                        psonderby@ulmer.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, a true and correct copy of the foregoing Petition for Removal was delivered by e-mail and overnight mail to the following counsel of record for Plaintiff:

James J. Macchitelli
7247 West Touhy Avenue
Chicago, IL 60631

s/s Daniel M. Rabinovitz
Daniel M. Rabinovitz
Attorney Registration No. 6205229
Michaels, Ward & Rabinovitz, LLP
12 Post Office Square
Boston, MA 02109
(617)350-4040 (p)
(617)350-4050 (f)
dmr@michaelsward.com

4

08CV2239 EDA
JUDGE DARRAH
MAGISTRATE JUDGE NOLAN

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF C O O K    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

DENNIS R. METTER,                    )
                                     )       08CH10261
         Applicant,                  )
                                     )
    v.                               )  Case No.:
                                     )
WACHOVIA SECURITIES, L.L.C.,         )
formally known as and doing business as )
FIRST UNION SECURITIES,              )
                                     )
         Respondent.                 )

## MOTION TO VACATE ARBITRATION AWARD

Applicant, DENNIS R. METTER, by and through his attorneys from the Law Offices of Nicholas D. LaPonte & Associates, brings this action against Wachovia Securities, L.L.C. and thus files this Motion to Vacate in order to vacate the award of the arbitrators, and in support thereof states as follows:

### I. INTRODUCTION

1. Plaintiff, DENNIS R. METTER, brings this Motion to Vacate and thus asks this Court to vacate the award of the arbitrators that was issued on December 20, 2007 in favor Of Wachovia Securities, L.L.C., and against Dennis R. Metter.

### II. JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 710 ILCS 5/12 which is a section of the Illinois "Uniform Arbitration Act" and provides that an application to vacate the award of arbitrators shall be made within 90 days after delivery of a copy of the award to the applicant.

3. Venue is proper in this County of Cook, Illinois because that is where the Arbitration at issue was held.

### III. PARTIES

4. Applicant, DENNIS R. METTER, is a citizen of the State of Illinois and resides in the City of Chicago, County of Cook, State of Illinois.

5. Respondent, WACHOVIA SECURITIES, L.L.C., is a limited liability company that was organized and created under the laws of the State of Delaware and is authorized and registered to do business in the State of Illinois.

### IV. FACTUAL ALLEGATIONS

6. At all times relevant, Respondent, WACHOVIA SECURITIES, L.L.C. was broker/dealer providing brokerage and other financial services as a registered member of the NYSE/SIPC and the Applicant, DENNIS R. METTER, was a registered securities broker engage in the business of provided financial advice to clients.

7. In September of 2000, DENNIS R. METTER entered into written agreement with First Union Securities and was hired as a Senior Vice-President in its office in Lombard, Illinois. A copy of the written agreement is attached and marked Applicant's Exhibit "A."

8. As an incentive to join First Union Securities, DENNIS R. METTER was provided a cash advance which was a forgivable loan. The loan amount was to be forgiven on a monthly basis according to an amortization schedule commencing in the thirteenth month of DENNIS R. METTER's employment with the loan being forgiven by August 30, 2006. DENNIS R. METTER was responsible for any tax obligation that arose from the forgiveness of the loan.

9. DENNIS R. METTER was to receive commissions on business, bonuses based on gross production in the prior twelve months and DENNIS R. METTER was to receive $150,000 annual salary payable monthly from Freedom Capital through First Union Securities.

10. The written agreement was not to be construed as a contract of employment but was to serve as a synopsis of the compensation arrangements in effect during DENNIS R. METTER's initial period of employment. And, any alteration to, modification of, or change in the synopsis was not to be valid unless in writing and executed by DENNIS R. METTER and a duly authorized agent of First Union Securities.

11. The employment at issue was based on mutual consent and an at-will type employment relationship and it could be terminated at any time and for any reason.

12. During DENNIS R. METTER's employment, FIRST UNION SECURITIES acquired WACHOVIA CORPORATION and this new entity became known as WACHOVIA SECURITIES, L.L.C., the named Respondent in this dispute.

13. Throughout DENNIS R. METTER's employment with FIRST UNION SECURITIES later known as WACHOVIA SECURITIES, L.L.C., DENNIS R. METTER procured clients that created substantial annual commission trails that were shared in varying percentages between DENNIS R. METTER and FIRST UNION SECURITIES later known as WACHOVIA SECURITIES, L.L.C.

14. In addition, because of his experience in pension fund investment and his prior established relations between pension fund managers/boards, DENNIS R. METTER acquired sizeable trades each in excess of $50,000,000.00 and further introduced a new investment plan to pension fund managers called Equity Link Notes (hereafter "ELN").

15. Through these ELN investment plans, DENNIS R. METTER created sales credits or commissions which created substantial income that was to be shared by DENNIS R. METTER and the brokers and brokerage firms of record.

16. In February of 2005, DENNIS R. METTER and WACHOVIA SECURITIES, L.L.C. restructured DENNIS R. METTER's loan and under the new loan, DENNIS R. METTER

had a loan repayment obligation of $243,503.93 with interest thereon at an annual rate of 4% with a maturity date of March 1, 2009. The new loan was to be paid in 4 equal annual installments in the amount of $67,082.91, beginning on March 1, 2006.

17. DENNIS R. METTER executed a promissory note which evidenced the amount owed and further contained an arbitration agreement which provided that any controversy arising out of the promissory note was to be brought before the arbitration facility of the National Association of Securities Dealers ( hereafter referred to as "NASD"). It is believed that NASD is now known as "FINRA" or the "Financial Industry Regulatory Authority."

18. In March of 2005, DENNIS R. METTER learned that WACHOVIA SECURITIES, L.L.C. was reducing by 50% the commission that he received on ELN investments. Further, in May of 2005, DENNIS R. METTER learned that WACHOVIA SECURITIES, L.L.C. was refusing to return paperwork to Freedom Capital and that as a result, DENNIS R. METTER would no longer receive the $150,000.00 annual salary aa was provided in the written agreement or synopsis of employment that was executed in September of 2000.

19. DENNIS R. METTER spoke to Dean Niewolny, a managing Director and Wachovia Branch Manager who advised DENNIS R. METTER to leave WACHOVIA SECURITIES, L.L.C. Dean Niewolny stated and acknowledged that DENNIS R. METTER could not stay with WACHOVIA under these circumstances. Dean Niewolny also stated that he would be happy to be a reference on DENNIS R. METTER's behalf to explain why he had to leave WACHOVIA.

20. On September 2, 2005, DENNIS R. METTER provided WACHOVIA SECURITIES, L.L.C. with a letter that provided that since WACHOVIA SECURITIES, L.L.C. refused to live up to the compensation in the written agreement, he considered himself constructively discharged and that his employment was terminated. Although WACHOVIA SECURITIES, L.L.C. never stated verbally that DENNIS R. METTER was fired; all-in-all,

DENNIS R. METTER's employment was terminated when WACHOVIA SECURITIES's refusal to pay DENNIS R. METTER his agreed annual salary of $150,000.00 and it substantially reduced his earned commissions.

21. DENNIS R. METTER retained counsel and a Claim was filed with NASD which alleged that DENNIS R. METTER was entitled to damages in excess of $1 million for Respondent's actions. DENNIS R. METTER's claim was based on (1) constructive termination; (2) breach of agreement; (3) unjust enrichment; and (4) fraud and misrepresentation.

22. Respondent filed an answer, affirmative defenses which claimed (1) DENNIS R. METTER was an employee at-will; DENNIS R. METTER's damages are speculative; and (3) DENNIS R. METTER voluntarily resigned. In addition, Respondent filed a counter-claim that alleged that DENNIS R. METTER breached the promissory note.

23. Throughout this matter, DENNIS R. METTER was represented by Gregory A. Friedman and Paula K. Maguire, from Friedman & Holtz, P.C., an Illinois law firm. And, WACHOVIA SECURITIES, L.L.C. was represented by Douglas D. Callaway, David J. Rice and Adrew R. Park from Wachovia Securities Legal Department and then by Pete S. Michaels, Derek Anderson, and Jennifer Seltenrich from Michaels Ward & Rabinovitz, L.L.P., a Massachusetts law firm. Its believed that no attorney of Respondent is licensed to practice law by the Illinois Supreme Court.

24. This matter was arbitrated in Cook County, Illinois by Victor Elting, III., Jeffrey L. Furkes and Thomas F. Ryan. The arbitration was conducted under the Applicant's mis-belief that NASD was the sole forum in which he could proceed. The award of the arbitrators was entered on December 20, 2007. A copy of the "Award" is attached and marked Applicant's Exhibit "A."

25. The arbitrator's denied the Applicant's claims with prejudice and granted Respondent's counter-claim and directed DENNIS R. METTER to pay $248,574.15 plus 7% interest since September 2, 2005. The arbitrators did not explicate the reasons behind their decision. Unfortunately, an unsubstantiated award is

26. This motion is made within 90 days of its entry and thus within 90 days of its delivery to Applicant.

## COUNT I - AWARD IS VOID

27. Applicant, DENNIS R. METTER, adopts and re-alleges ¶¶ 1-26.

28. The award is void because the Attorney Act (705 ILCS 205/1 et seq.) provides that "[n]o person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State." The general rule in Illinois provides that judgments that result from legal proceedings on a party's behalf by a person who is not licensed to practice law in this state are void.

29. Clearly, this was a concern of NASD when it provide in its Rules,

NASD Rules Section 13208

(b) Representation by an Attorney

At any stage of an arbitration proceeding held in a United States hearing location, all parties shall have the right to be represented by an attorney at law in good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States, unless state law prohibits such representation.

30. This arbitration concerned only issues under the laws of the State of Illinois. The issues were (1) constructive termination; (2) breach of employment agreement; (3) Unjust enrichment; and (4) fraud / misrepresentation.

31. With solely issues under Illinois law, not being licensed in Illinois was a violation of Illinois law. Further, a search of attorneys via the web site of the Illinois Attorney Registration and Disciplinary Commission does not disclose a registered attorney known as Pete S. Michaels, Derek Anderson, and Jennifer Seltenrich. Therefore, the award is void.

### COUNT II

32. Applicant, DENNIS R. METTER, adopts and re-alleges ¶¶ 1-26.

33. The award is invalid because employment-related disputes between NASD members and their registered representatives are not related to the members' business and thus nonarbitrable.

34. Applicant, DENNIS R. METTER, participated in this arbitration because he was by mistake led to believe that arbitration of his employment dispute was mandatory. DENNIS METTER's claim is based on a breach of his written agreement or employment synopsis and once terminated upon an equitable claim that the income produced from his trails should be paid to him not based on the written agreement that was terminated but upon the theory that allowing Respondent to keep 100% of the income generated by the trails was unjust and a violation of just consciousness.

35. Unjust enrichment is an equitable claim and as such is not a proper claim for arbitration and as such the award must be vacated and DENNIS R. METTER must be allowed his day in court.

### COUNT III

36. Applicant, DENNIS R. METTER, adopts and re-alleges ¶¶ 1-26.

37. The award is invalid because there was evident partiality by the arbitrators toward the Respondent. The arbitrators did not explicate the reasons behind their decision. But, the denial of DENNIS R. METTER's claim was obviously an evident partiality for the Respondent.

38. It is agreed that Illinois does not recognize constructive discharge. So the issue at arbitration was whether the Respondent's refusal to pay DENNIS R. METTER his $150,000.00 annual salary received from Freedom Capital as was directed in the signed agreement of employment synopsis was a breach of the written agreement.

39. The written agreement could not be altered, modified nor changed unless its was altered, modified or changed in writing and executed by DENNIS R. METTER and a duly authorized agent of Respondent.

40. At arbitration, DENNIS R. METTER proclaimed that Respondent refused to pay his $150,000.00 annual salary and that he did not agree to this change. Respondent's agent testified that DENNIS R. METTER was not paid his salary just because Respondent did not want to pay him. With this evidence that was not controverted in any way, it seems clear that the arbitrators were partial toward the Respondent.

WHEREFORE, Applicant, DENNIS R. METTER, moves that the arbitration award issued on December 20, 2007, be vacated and held for naught.

Respectfully submitted,
DENNIS R. METTER

BY: James J. Macchitelli

Attorney Number: 29491
James J. Macchitelli
Attorney Number: 26696
Nicholas D. LaPonte
Attorneys for Applicant
7247 Wset Touhy Avenue
Chicago, Illinois 60631
(773) 631-1500

LEXSEE 450 F.3D 265, 267

LANCE WISE and NANCY WISE, Plaintiffs-Appellants, v. WACHOVIA SECURITIES, LLC, and NASD, Defendants-Appellees.

No. 05-2640

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

*450 F.3d 265; 2006 U.S. App. LEXIS 13929*

February 10, 2006, Argued
June 7, 2006, Decided

**SUBSEQUENT HISTORY:** Rehearing denied by *Wise v. Wachovia Secs., LLC,* 2006 U.S. App. LEXIS 17005 (7th Cir. Ill., July 6, 2006)
US Supreme Court certiorari denied by *Wise v. Wachovia Sec., LLC,* 2006 U.S. LEXIS 8570 (U.S., Nov. 13, 2006)

**PRIOR HISTORY:**   [**1] Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 04 C 7438. Wayne R. Andersen, Judge.
*Wise v. Wachovia Secs. LLC,* 2005 U.S. Dist. LEXIS 13630 (N.D. Ill., May 4, 2005)

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For LANCE WISE, NANCY WISE, Plaintiffs - Appellants: Kenneth K. Ditkowsky, DITKOWSKY & CONTORER, Niles, IL USA.

For WACHOVIA SECURITIES, Defendant - Appellee: Peter R. Sonderby, ULMER & BERNE, Chicago, IL.

**JUDGES:** Before POSNER, RIPPLE, and KANNE, Circuit Judges.

**OPINION BY:** POSNER

**OPINION**

   [*266] POSNER, *Circuit Judge.* Lance and Nancy Wise appeal from the district court's refusal to set aside a decision by a panel of arbitrators that denied them relief. Before proceeding to the merits, we must consider a jurisdictional question mishandled by the parties and the district court. The jurisdictional statement in the plaintiffs' brief bases federal jurisdiction on the Federal Arbitration Act, period. But the Act (*9 U.S.C. §§ 1 et seq.*) confers federal jurisdiction in cases involving arbitration only of disputes that, were they litigated rather than arbitrated, would be within federal jurisdiction. *9 U.S.C. § 4; Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 26 n. 32, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); [**2] *City of Chicago v. Comcast Cable Holdings, L.L.C.,* 384 F.3d 901, 904-05 (7th Cir. 2004). The only possible such jurisdictional ground in this case [*267] would be diversity of citizenship, and the plaintiffs' jurisdictional statement says nothing about the citizenship of any of the parties. The defendants' statement correctly notes that the basis of jurisdiction must be found outside the Federal Arbitration Act, and asserts that the basis here is diversity. But in violation of *7th Cir. R. 28,* the statement does not indicate the citizenship of any of the parties, but merely asserts that they are citizens of different states. *Rule 28(a)(1)* requires in a diversity suit that the jurisdictional statement name the states of which the parties are citizens. The plaintiffs' reply brief does not mention jurisdiction.

   The parties' insouciance about jurisdiction, besides being unprofessional, is particularly disturbing because the defendants are not standard business corporations, and any lawyer who practices in federal court should realize that ascertaining the citizenship of other artificial persons can be tricky. The NASD (formerly called the National Association of Securities Dealers) [**3] is a membership corporation--a corporation, ordinarily a nonprofit, that has members but not stock. Wachovia Securities is a limited liability company.

   Because the overriding goal in crafting a jurisdictional rule is simplicity, *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988), the courts have held that all corporations are to be treated alike for diversity purposes: all are citizens both of the state of incorporation and the state in which the corporation has its principal place of business. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg,* 385 F.3d 737, 738-39 (7th Cir. 2004); *Kuntz v. Lamar Corp.,*

*385 F.3d 1177, 1183 (9th Cir. 2004); Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 710 F.2d 87, 89 (2d Cir. 1983).* In the case of the NASD those states are Delaware and Washington, D.C. The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members. *Commonwealth Ins. Co. v. Titan Tire Corp., 398 F.3d 879, 881 n. 1 (7th Cir. 2004);* [**4] *Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004); Handelsman v. Bedford Village Associates Limited Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000);* see also *Carden v. Arkoma Associates, 494 U.S. 185, 192-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).* Wachovia Securities, LLC, it turns out, is owned by another limited liability company, which is owned in turn by two affiliated corporations one of which is a citizen of North Carolina and the other a citizen of New Jersey. The plaintiffs, we have learned, are citizens of Illinois. So there is the required diversity of citizenship, and we can proceed to the merits.

The Wises had become customers of an investment adviser named Scott Winters when he was employed by Merrill Lynch. Winters left Merrill for Wachovia and the Wises went with him, opening an account with Wachovia and agreeing to arbitrate under rules of the NASD any dispute arising from their dealings with the firm. In March 2000 Winters recommended that the Wises invest in a new investment [**5] fund called the "Titan Fund." He told them he'd invested $ 2 million of his own money in Titan. On April 10 the Wises directed Winters to convert the holdings in their Wachovia account to cash. He did this, and three days later the Wises closed the account, which now had $ 135,000 in cash in it, and wired all the money to Titan. Winters had quit Wachovia the day before the Wises wired the money to Titan.

[*268] Months later the Wises discovered that the Titan Fund was a sham and their entire investment lost. Securities regulators in California, where Winters lived, later ordered him to stop acting as an investment adviser in that state. The order was based on findings that he had made misrepresentations in marketing the Titan Fund; for example, his own investment in the fund had been not $ 2 million, but zero.

The Wises complained to Wachovia, contending that the firm was responsible for Winters' fraud because he had hatched it before he resigned from the firm. They claimed to have had no idea that the Titan Fund had not been recommended by Wachovia--no idea that Winters had been on a frolic of his own in persuading them to invest in Titan. Their complaint, rejected by Wachovia, was referred [**6] to arbitration pursuant to their contract with the firm. At the conclusion of discovery in the arbitration, Mr. Wise submitted an affidavit reciting the facts summarized above. He attached documents relating to his ill-starred investment in the Titan Fund. Wachovia submitted no evidence but moved for summary judgment, which the panel of arbitrators granted without explaining the basis of their decision. Arbitrators have, however, no duty to explain. *Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 204 n. 4, 76 S. Ct. 273, 100 L. Ed. 199 (1956).*

The Federal Arbitration Act lists the following grounds for setting aside an arbitral award (an arbitral decision is called an "award" whether or not it awards anything to the complainant).

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; [**7] or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*9 U.S.C. § 10(a).* The Wises argue that there was not even an atom of evidence to support summary judgment for Wachovia. The argument might seem to invoke the provision in *section 10(a)(3)* that authorizes vacating an award for "refusing to hear evidence pertinent and material to the controversy," but the arbitrators did not limit the Wises' presentation of evidence. The Wises further argue that since there was no evidence to support the award, the award must be set aside as being "arbitrary and capricious." But "arbitrary and capricious" is not among the listed grounds for setting aside an award. *Brotherhood of Locomotive Engineers v. Atchison, Topeka & Santa Fe Ry., 768 F.2d 914, 921 (7th Cir. 1985);* see also *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731, 990 F.2d 957, 961 (7th Cir. 1993).* And although courts will also set aside arbitration awards that are in "manifest disregard of the law," e.g., *id.,* and this [**8] is often described as a non-

statutory ground, e.g., *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1460-61 (11th Cir. 1997); *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997), we have defined "manifest disregard of the law" so narrowly that it fits comfortably under the first clause of the fourth statutory ground-- "where the arbitrators exceeded their powers." Cf. *Todd Shipyards* [*269] *Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059-60 (9th Cir. 1991); Ian R. Macneil et al., *Federal Arbitration Law* § 40.1.3.2 (3d ed. 1999). For we have confined it to cases in which arbitrators "direct the parties to violate the law." *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001); see also *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 650 (7th Cir. 2001). Obviously this is not such a case.

It is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not. *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994). [**9] When parties agree to arbitrate their disputes they opt out of the court system, and when one of them challenges the resulting arbitration award he perforce does so not on the ground that the arbitrators made a mistake but that they violated the agreement to arbitrate, as by corruption, evident partiality, exceeding their powers, etc.-- conduct to which the parties did not consent when they included an arbitration clause in their contract. That is why in the typical arbitration, which unlike the one in this case is concerned with interpreting a contract, the issue for the court is not whether the contract interpretation is incorrect or even wacky but whether the arbitrators had failed to interpret the contract at all, e.g., *Tice v. American Airlines, Inc.*, 373 F.3d 851, 854 (7th Cir. 2004); *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1194-95 (7th Cir. 1987); *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003), for only then were they exceeding the authority granted to them by the contract's arbitration clause.

Reluctantly driven back to the statutory grounds for setting aside the arbitrators' award, the Wises ask us to infer [**10] corruption, partiality, exceeding granted authority, etc., from the absence of any evidence to support the arbitrators' award. Absence of evidence as such is not a statutory ground and does not fit our narrow concept of "manifest disregard," though it may that of other courts. See *Labor Relations Division v. Teamsters Local 379*, 156 F.3d 13, 20-21 (1st Cir. 1998); *Glennon v. Dean Witter Reynolds, Inc.*, 83 F.3d 132, 139 (6th Cir. 1996). But if this were really a no-evidence case, there might be some basis for inferring the presence of one or more of the statutory grounds. Suppose the Wises had presented overwhelming evidence that Wachovia had defrauded them and Wachovia had responded with no evidence, no argument even, but merely a one-word denial: "No." If the arbitrators nevertheless awarded judgment to Wachovia, a court might infer that the arbitrators had had a corrupt motive or at least that they had exceeded the powers granted to them by the arbitration clause.

The best interpretation of the Wises' substantive claim is as follows: A principal generally is not liable for the wrong-doing of an agent who is acting wholly for himself. But there is [**11] an exception if, acting with apparent authority, the agent commits a fraud against a third party who reasonably believed that he was entering into a bona fide transaction with the agent's principal. That is the rule of *Gleason v. Seaboard Air Line Ry.*, 278 U.S. 349, 49 S. Ct. 161, 73 L. Ed. 415 (1929); see *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir. 1999); *Hartmann v. Prudential Ins. Co. of America*, 9 F.3d 1207, 1211 (7th Cir. 1993), and the Wises' characterization of the wrong done to them.

But they may have known that Winters was on a frolic of his own in marketing the Titan Fund to them, and if they knew this--knew that he was acting beyond the authority granted to him by his employer [*270] -- they could not have been relying on any appearance of authority when they invested in the fund, and so their theory of liability would collapse. It is true that the only evidence before the arbitrators was Mr. Wise's affidavit, which did not acknowledge that he knew that Winters was not acting for Wachovia. But arbitrators, like judges and jurors, are allowed to use their common sense and background knowledge to draw inferences from [**12] what the evidence shows. And from what it omits. The Wises' relationship was with Winters rather than with Wachovia. They had been his customers when he was at Merrill Lynch and when he moved to Wachovia they moved with him. When he decided to leave Wachovia and make his fortune with the Titan Fund (of which he was the sponsor and president), the Wises decided to go with him once again, abandoning Wachovia--or so at least the arbitrators could find without taking leave of their senses. The inference that the Wises were dealing with Winters as principal rather than as agent is reinforced by the curious fact that they closed their account with Wachovia. Ordinarily when an investor decides to change his investments, he directs his broker to replace the securities in his account with other securities--he doesn't close the account. The closing of their account is a further indication that the Wises were indeed leaving Wachovia with Winters.

AFFIRMED.

DANIEL M. RABINOVITZ (Attorney Registration No. 6205299)
MICHAELS, WARD & RABINOVITZ, LLP
12 Post Office Square
Boston, MA 02109
Telephone:   (617)350-4040
Facsimile:   (617)350-4050
dmr@michaelsward.com

08CV2239 EDA
JUDGE DARRAH
MAGISTRATE JUDGE NOLAN

*Counsel for Wachovia Securities, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| DENNIS R. METTER,<br><br>        Plaintiff,<br><br>v.<br><br>WACHOVIA SECURITIES, LLC,<br><br>        Defendant. | Case No.<br><br>**AFFIDAVIT OF<br>DANIEL M. RABINOVITZ** |

I, Daniel M. Rabinovitz, do hereby depose and state the following:

1.  I am an attorney licensed to practice law in Massachusetts and Illinois. At all times material hereto, my firm has represented the Defendant, Wachovia Securities, LLC ("Wachovia").

2.  Wachovia has learned that Plaintiff has filed a Motion to Vacate Arbitration Award in the Circuit Court of Cook County Illinois, County Department, Chancery Division, Civil Action No. 08CH1026T, entitled <u>Dennis R. Metter v. Wachovia Securities, LLC</u>.

3.  Plaintiff's Motion to Vacate Arbitration Award seeks to vacate a FINRA Panel arbitration award entered against Plaintiff on December 20, 2007 in the amount of $248,574.15 plus 7% interest since September 2, 2005.

4.  The award that Plaintiff seeks to vacate is in excess of $75,000.

2

Sworn under the pains and penalties of perjury this 28th day of April, 2008.


                         __/s/ Daniel M. Rabinovitz__

2