UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS R. METTER,<br><br>    Plaintiff,<br><br>v.<br><br>WACHOVIA SECURITIES, LLC,<br><br>    Defendant. | Federal Case No. 1:08-cv-2239<br><br><br>**REPLY MEMORANDUM OF LAW, IN RESPONSE TO METTER'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE AND IN SUPPORT OF WACHOVIA SECURITIES, LLC'S MOTION TO CONFIRM ARBITRATION AWARD**<br><br>**Before Judge John W. Darrah** |

## I. INTRODUCTION

It is time to put an end to this charade.

Plaintiff, Dennis Metter, ("Metter") has now had an ample opportunity to explain and defend his frivolous motion, originally filed on March 19, 2008, in the Circuit Court of Cook County, Chancery Division (Case No. 08 CH 1026T) and removed to Federal Court by Defendant, Wachovia Securities LLC ("Wachovia") on April 18, 2008.

In Metter's first pleading, his Motion to Vacate Arbitration Award, Metter alleged three Counts, all equally unsupported by law or fact. Count I argued the arbitration award against Metter was void because counsel who tried the FINRA arbitration on behalf of Wachovia were not members of the Illinois bar; Count II argued the award was invalid because Metter mistakenly believed it was mandatory to submit the dispute to arbitration; and Count III argued the award was void because the Arbitration Panel was biased against Metter.

However, in Metter's most recent filing, Metter withdraws two of his three counts without explanation. (See ¶ 20 of Metter's Memorandum In Support Of Motion To Vacate) Apparently, after reviewing the law in these two areas, Metter discovered his original arguments were devoid of a scintilla of legal support. Leaving aside for the moment the issue of whether Metter should have reviewed the law in these two areas *before* he filed his original motion, his most recent pleading fails to articulate *any* basis for his remaining claim—that there was "evident partiality or corruption in the arbitrators."[1]

Thus, this Honorable Court should act fairly and swiftly, by denying Metter's Motion, allowing Wachovia's Motion To Enforce Arbitration Award, and entering Judgment for Wachovia in the amount of $299,552.73 (with interest continuing to run at the rate of 7% per annum, as originally awarded).[2]

## II. Argument

A.  **At The Outset Of The Arbitration Metter Affirmed That He Was Satisfied With The Composition Of The Panel; And At The End Of The Hearing He Confirmed That He Had Had Received A Fair Hearing.**

As previously noted in Wachovia's previous Memoranda, at the outset of the Arbitration, through counsel, Metter affirmed that he was satisfied with the composition of the panel. When the Panel Chairman asked "Do the parties accept the composition of the Panel?" counsel for Metter stated "The Claimants do." (See Exhibit A attached to this Memorandum, previously filed as Exhibit G as part of Wachovia's original

---

[1] Under the Federal Arbitration Act, one basis to vacate an arbitration award is if "there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a).

[2] The Arbitration panel awarded Wachovia $248,574.68 with interest of 7% per annum, running from September 2, 2005 forward. Thus, as of this writing $50,978.73 in interest is due over and above the original award.

Memorandum Of Law In Support Of Wachovia Securities, LLC's Opposition To Motion To Vacate Arbitration Award And Cross-Motion To Confirm Arbitration Award—pleading number 9 on the Court's docket). Similarly, at the conclusion of the FINRA Arbitration hearing, the Chairman of the Arbitration Panel asked each party to state affirmatively whether they had "a full and fair opportunity to be heard." In response to that request, Metter's counsel, Mr. Friedman stated "without reservation, absolutely." (See Exhibit B attached hereto, originally filed as Exhibit A to Wachovia's Supplemental Memorandum Of Law-pleading number 18 on the Court's docket). Thus, before the Arbitration Panel ruled for Wachovia and against Metter, Metter affirmed that he was satisfied with the composition of the Panel and that he had received a fair hearing.

### B. Metter Fails To Identify A Single Fact That Supports His Claim That The Arbitration Panel Was Impartial.

Although in several places in Metter's most recent filing he claims that the arbitrators "possessed 'evident partiality' towards Wachovia" nowhere in any of Metter's pleadings does he point to a single fact that supports this serious allegation. Metter does not cite any evidentiary ruling the Panel made, nor any other type or ruling, nor even a single comment by a single arbitrator on which he bases his claim. The closest Metter comes to attempting to support his remaining claim is his statement that "[t]he arbitrators arbitrarily and capriciously failed to give the appropriate weight to the evidence." (*See* the last sentence of ¶ 29 of Metter's Memorandum In Support Of Motion To Vacate). Thus, when one strips away all the superfluous material in Metter's Memorandum (i.e. Metter's factual recitation outlining his theory of his case, and the black letter law of the legal claims on which his original claims were predicated—all of which were fully litigated over four days of arbitration hearing) one is left with is a single circular

argument: Since Metter did not prevail and Wachovia did, there was evident partiality on behalf of the panel. Obviously, this argument is insufficient to vacate an arbitration award.

### C. This Honorable Court Should Allow Wachovia To Submit An Affidavit Of Legal Fees So That Wachovia Can Be Awarded Attorney's Fees Incurred In Connection With The Defense Of Metter's Frivolous Action.

Wachovia does not make this request lightly, because it is aware that sometimes cases must be fully litigated to bring them to conclusion and the costs to do that are simply a reality for a party that finds itself embroiled in litigation. However, in this case, it is an appropriate sanction for this Court to award Wachovia its attorney's fees.

As this court is aware, sanctions may be awarded 1) if a pleading or motion is presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation (2) if the claims, defenses, and other legal contentions are not warranted by existing law or by non-frivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law; or (3) if the allegations and other factual contentions have no evidentiary support. *See* Fed. R. Civ. P. 11(b)(1), (2), (3). Sanctions pursuant to Rule 11 are at the court's discretion and "are to be imposed sparingly." Hartmarx Corp. v. Abboud, 326 F.3d 862, 867 (7th Cir. 2003).

WHEREFORE, Wachovia Prays that this Honorable Court:

1. Deny Metter's Motion To Vacate;

2. Allow Wachovia's Motion To Confirm;

3. Enter Judgment in the amount of $299,552.73;

4

4. Allow Wachovia to file an Affidavit of Legal Fees; and

5. Any other relief this Court deems just and fair.

>Respectfully submitted,
>
>WACHOVIA SECURITIES, LLC,
>
>By its attorneys,
>
>     /s/ Daniel Rabinovitz
>DANIEL M. RABINOVITZ
>(Attorney Registration No. 6205299)
>MICHAELS, WARD & RABINOVITZ, LLP
>12 Post Office Square
>Boston, MA  02109
>Telephone:   (617)350-4040
>Facsimile:   (617)350-4050
>dmr@michaelsward.com

Dated: August 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2008, a true and correct copy of the foregoing Reply Memorandum of Law, in Response to Metter's Memorandum in Support of Motion to Vacate and in Support of Wachovia Securities, LLC's Motion to Confirm Arbitration Award was delivered by First Class Mail and via the Court's electronic filing system to the following counsel of record for Dennis Metter:

James J. Macchitelli
7247 West Touhy Avenue
Chicago, IL  60631

/s/ Daniel M. Rabinovitz
Daniel M. Rabinovitz
Attorney Registration No. 6205229
Michaels, Ward & Rabinovitz, LLP
12 Post Office Square
Boston, MA  02109
(617)350-4040 (p)
(617)350-4050 (f)
dmr@michaelsward.com

# EXHIBIT A

```
Dennis & Donald Metter vs. Wachovia Securities      Page 1
Case No. 06-00700, Arbitration Hearing, 12/11-14/07
Tape 1 of 16
```

| # | Speaker | Text |
|---|---|---|
| 1 | Elting: | Good morning. |
| 2 | Many Voices: | Good morning. |
| 3 | Elting: | Seated at the head of the table is the |
| 4 | | arbitration panel.  My name is Victor Elting. |
| 5 | | I'm the chairman of the panel.  And on my left is |
| 6 | | -- |
| 7 | Durkees: | Jeff Durkees (phonetic). |
| 8 | Ryan: | Tom Ryan. |
| 9 | Elting: | I'd like to restate to the parties, any |
| 10 | | disclosures that have been previously made by the |
| 11 | | arbitrators and any additional disclosures we'll |
| 12 | | make to the parties at this time.  And the |
| 13 | | arbitrators will confirm on the record their |
| 14 | | current classifications as either public or |
| 15 | | nonpublic arbitrators.  I think I can state that |
| 16 | | we're all nonpublic arbitrators.  That means |
| 17 | | we're industry arbitrators.  That goes with the |
| 18 | | rules that attach to this proceeding.  But do any |
| 19 | | of the arbitrators have anything further to add |
| 20 | | to the disclosures that have been previously |
| 21 | | made? |
| 22 | Durkees: | This is Jeff Durkees.  No, I don't. |
| 23 | Ryan: | This is Tom Ryan.  I do not. |
| 24 | Elting: | And Victor Elting.  I do not. |

Dennis & Donald Metter vs. Wachovia Securities        Page 2
Case No. 06-00700, Arbitration Hearing, 12/11-14/07
Tape 1 of 16

| # | Speaker | |
|---|---|---|
| 1 | | May I ask that the parties and their |
| 2 | | attorneys of record all introduce themselves. |
| 3 | | I'll start on this side of the room. |
| 4 | Anderson: | Yes. Derek Anderson of Michaels, Ward & |
| 5 | | Rabinovitz on behalf of the respondent, Wachovia |
| 6 | | Securities. |
| 7 | Michaels: | And I'm Pete Michaels of the same firm for the |
| 8 | | same client. |
| 9 | Scales: | Steve Scales with Secure Financial Services. I'm |
| 10 | | the expert. |
| 11 | Niewolny: | Dean Niewolny with Wachovia Securities. |
| 12 | Elting: | On this side. |
| 13 | Friedman: | Gregory Friedman of Friedman & Holtz and Paula |
| 14 | | Maguire of Friedman & Holtz, counsel for Donald |
| 15 | | Metter, to the right of Ms. Maguire, and Dennis |
| 16 | | Metter to the right of (inaudible). |
| 17 | Elting: | Who -- let me start with you, Mr. Friedman. |
| 18 | | Who's counsel should be reflected in the award as |
| 19 | | counsel representative for your party? |
| 20 | Friedman: | Friedman & Holtz, PC, I guess counsel for the |
| 21 | | plaintiffs. |
| 22 | Elting: | Mr. Anderson? |
| 23 | Anderson: | Michaels, Ward & Rabinovitz. |
| 24 | Elting: | Do the parties accept the panel's composition? |

Dennis & Donald Metter vs. Wachovia Securities      Page 3
Case No. 06-00700, Arbitration Hearing, 12/11-14/07
Tape 1 of 16

| | | |
|---|---|---|
| 1 | Friedman: | The claimants do? |
| 2 | Anderson: | Yes on behalf of the responder. |
| 3 | Elting: | The arbitrators have previously submitted their |
| 4 | | properly executed oath of arbitration -- properly |
| 5 | | executed oaths of arbitrator. And -- correct? |
| 6 | Male: | Yes. |
| 7 | Elting: | Correct? |
| 8 | Male: | Yes. |
| 9 | Elting: | This controversy has been submitted to this panel |
| 10 | | of arbitrators for hearing in accordance with the |
| 11 | | Code of Arbitration Procedure. The panel is |
| 12 | | authorized to determine each of the matters set |
| 13 | | forth in the statements submitted and filed with |
| 14 | | FINRA Dispute Resolution. Unless the law directs |
| 15 | | otherwise, all awards rendered pursuant to the |
| 16 | | code will be final and not subject to appeal. It |
| 17 | | is suggested that no interruptions be made during |
| 18 | | an individual's testimony. The parties are |
| 19 | | entitled to make objections, cross-examine and |
| 20 | | redirect witness, and may in the direction of the |
| 21 | | arbitrators present rebuttal testimony. The |
| 22 | | arbitrators may ask questions as they deem |
| 23 | | appropriate. |

# EXHIBIT B



# THE TAPE TRANSCRIPTION CENTER
A Division of THE SKILL BUREAU

### CERTIFICATE

I, Timothy Bates, do hereby certify that the following eight (8) transcripts embody a true and accurate transcript of selected portions of an arbitration hearing in the matter of Dennis & Donald Metter v Wachovia Securities, held on December 11 and 14, 2007. Prepared in the Tape Transcription Center to the best of our abilities, it comprises the contents of eight (8) audiocassettes provided to us by Michaels, Ward & Rabinovitz LLP.

5/7/2008
Date

Patrick Emond, Production Supervisor
Tape Transcription Center

129 Tremont Street · Boston, MA 02108
**Tel:** 617.423.2151  **Fax:** 617.423.9183
www.ttctranscriptions.com
The fastest turnaround time in New England since 1966.

Dennis & Donald Metter vs. Wachovia Securities       Page 58
Case No. 06-00700, Arbitration Hearing, 12/11-14/07
Tape 16 of 16

| | | |
|---|---|---|
| 1 | | Will you (inaudible) brokers. They come, they go. |
| 2 | | These guys were retail guys (inaudible) institution |
| 3 | | (inaudible). Suddenly (inaudible) outrageous. Four |
| 4 | | points? These guys are -- |
| 5 | | Or are you going to say what we saw here disgusts |
| 6 | | us. And what we saw here is that this industry did |
| 7 | | not have its finest hour. It was about seven days |
| 8 | | away. And we can do something about it. And we can |
| 9 | | say it matters. And we don't care whether you're at |
| 10 | | will or whether you've got a lifetime contract. In |
| 11 | | this industry, we do stand for something. There is |
| 12 | | integrity. We know what fair dealing is. We know |
| 13 | | what honesty is. We know what integrity is. And we |
| 14 | | wish to make that clear. |
| 15 | | Please do so, gentlemen. Please do so. |
| 16 | Elting: | Do you seek an opportunity for rebuttal? |
| 17 | Michaels: | No, sir. I don't think it's -- I don't think it's |
| 18 | | in the rules. Don't think it's my place. |
| 19 | Elting: | I'm not sure that it's in the rules, but in any |
| 20 | | event then will each of the parties state |
| 21 | | affirmatively whether you have had a full and fair |
| 22 | | opportunity to be heard? |
| 23 | Friedman: | Without reservation, absolutely. |