

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS R. METTER, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 cv 2239 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| WACHOVIA SECURITIES, LLC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Vacate Arbitration Award [1] and Defendant's Cross-Motion to Confirm the Award [7]. For the reasons stated below, Defendant's Cross-Motion to Confirm the Award is granted; Plaintiff's Motion to Vacate the Award is denied.

### FACTS

This case arises out of an arbitration award issued on December 20, 2007, in favor of Defendant Wachovia Securities, LLC ("Wachovia") and against Plaintiff, Dennis L. Metter, in the amount of $248,574.15. Plaintiff filed an action in Illinois state court to vacate the arbitration award, and Wachovia removed the action to this Court pursuant to 28 U.S.C. § 1332.

Plaintiff alleges the following facts. (*See* Doc. No. 1, Pltf. Mot. to Vac.) At times relevant to the case, Plaintiff was a registered securities broker engaged in the business of providing financial advice to clients. In September of 2000, Plaintiff was hired by First Union Securities ("First Union") as a Senior Vice-President in its Lombard, Illinois

1

office. According to Plaintiff, Plaintiff and First Union entered into a written agreement, or "synopsis," of Plaintiff's compensation arrangement. Under this arrangement, Plaintiff was provided "a cash advance which was a forgivable loan." (Pltf. Mot. to Vac., ¶ 8.) The amount of the loan was to be forgiven on a monthly basis "according to an amortization schedule commencing in the thirteenth month of [Plaintiff's] employment with the loan being forgiven by August 30, 2006." (Pltf. Mot. to Vac., ¶ 8.) In addition, Plaintiff was to receive commissions on business, bonuses based on gross production, and a $150,000 annual salary. Any alteration to or modification of this initial compensation "synopsis" was not to be valid unless in writing and executed by Plaintiff and an authorized agent of First Union.

During Plaintiff's employment at First Union, First Union acquired Wachovia, and the surviving entity became known as Wachovia. In February of 2005, Plaintiff and Wachovia restructured Plaintiff's loan. Under the new loan, Plaintiff had a repayment obligation of $243,503.93 plus interest. The loan was to be paid in four equal installments and had a maturity date of March 1, 2009. Plaintiff executed a promissory note, which evidenced the amount of the loan and contained an arbitration provision providing that any controversy arising out of the promissory note was to be brought before the arbitration facility of the National Association of Securities Dealers ("NASD"), now known as the Financial Industry Regulatory Authority, or "FINRA."

In March 2005, Wachovia allegedly substantially reduced Plaintiff's earned commissions and terminated his $150,000 annual salary. Based on this conduct, Plaintiff retained counsel and filed a claim with the NASD. Plaintiff's claim alleged the following

causes of action against Wachovia: (1) constructive termination; (2) breach of agreement; (3) unjust enrichment; and (4) fraud and misrepresentation. Wachovia denied the claim and filed a counter-claim that Plaintiff breached and was liable to it on the promissory note.

The claim proceeded to arbitration before a three-member arbitration panel in Cook County, Illinois. After a four-day hearing, the arbitrators denied and dismissed with prejudice Plaintiff's claims against Wachovia. The arbitrators further found in favor of Wachovia on Wachovia's cross-claim against Plaintiff and awarded Wachovia $248,574.15 plus interest.

Plaintiff asserts the following basis for vacating the award: the "award shows arbitrator partiality and manifest disregard of the law." (Pltf. Mem. at 5).[1]

## LEGAL STANDARD

Judicial review of a commercial arbitration award is "grudgingly narrow." *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1253 (7th Cir. 1994) (*Eljer*). "Apart from the general reasons for setting aside an arbitral award found in the Federal Arbitration Act, 9 U.S.C. § 10, the court may consider only whether an arbitrator exceeded the scope of the authority conferred upon her by the parties' actions and agreements."
*Butler Mfg. Co. v. United Steel Workers of America*, 336 F.3d 629, 632 (7th Cir. 2003). One basis to vacate an arbitration award under the FAA is if "there was evident partiality

---

[1] Plaintiff has withdrawn the two other bases he previously asserted for vacating the award in this case (that the award was void because counsel who tried the arbitration on behalf of Wachovia were not members of the Illinois Bar and that Plaintiff mistakenly believed that it was mandatory for him to submit his dispute to arbitration). (*See* Pltf. Mem. at 5.)

3

or corruption in the arbitrators." 9 U.S.C. § 10(a). The burden of proving evident partiality rests with the party asserting the claim. *Guo v. Citibank Global Markets, Inc.*, No. 04 C 2006, 2007 WL 3286696, at *3 (S.D.Ind. Nov. 5, 2007). Errors in the arbitrator's interpretation of the law or findings of fact do not merit reversal. *Eljer*, 14 F.3d at 1254.

In contrast to this very high standard required for vacating an arbitration award, petitions to confirm awards are "usually routine or summary." *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 691-92 (7th Cir. 2004). "With few exceptions, as long as the arbitrator does not exceed [her] authority, her award will be enforced. This is so even if the arbitrator's award contains a serious error of law or fact." *Hasbro*, 367 F.3d at 692.

## ANALYSIS

Plaintiff argues that the panel of arbitrators were clearly biased against him and partial to Wachovia. However, the only basis Plaintiff offers in support of this position is argument that the decision of the arbitrators, on Plaintiff's substantive claims, was clearly wrong on the facts. (*See* Pltf. Mem. at 7-11.) Plaintiff's argument that the panel was wrong in its decision is insufficient to show that the arbitrators were partial or biased. *See, e.g., Khabbaz v. Dain Boworth, Inc.*, No. 92 C 6439, 1993 WL 210573, at * 2 (N.D. Ill. June 14, 1993) (refusing to find bias on the basis that an arbitrator's decision found in favor of the defendant, even though evidence supported an award for the plaintiff).

Plaintiff, simply, has not met his burden of demonstrating partiality. Further, the record before the Court shows that Plaintiff was given a fair opportunity to present his

4

case. At the beginning of the proceedings, Plaintiff confirmed his acceptance of the panel of arbitrators. (*See* Wachovia Mem. Ex. A, at 2-3.) In addition, at the conclusion of the hearing, Plaintiff confirmed that he had been given a full and fair opportunity to present his case. (*See* Wachovia Rep., Ex. B.) Plaintiff's agurment that the arbitration panel incorrectly decided the case against him is insufficient, standing alone, to show evident bias or partiality.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Vacate Arbitration Award [1] is denied; Wachovia's Cross-Motion to Confirm the Award [7] is granted. Judgment is hereby entered in this matter in favor of Wachovia and against Plaintiff in accordance with the arbitration award.[2]

Date: September 23, 2008

JOHN W. DARRAH
United States District Court Judge

---

[2] In its reply, Wachovia seeks sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11. Rule 11 sanctions are not awarded.